UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREGORY R. FRITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:16-CV-46-CLC-HBG |
| | ) |
| Nancy A. Berryhill, | ) |
| Deputy Commissioner for Operations, | ) |
| performing the duties and functions not | ) |
| reserved to the Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Amended Petition for Approval of 406(b) Attorney Fees [Doc. 22], filed on March 23, 2018.[1] Plaintiff's counsel moves for an award of $8,755.50 for work performed on behalf of Plaintiff for disability benefits. For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's amended petition be granted.

## I. BACKGROUND

Plaintiff filed a Complaint with this Court on January 25, 2015, seeking judicial review of the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). [Doc. 1]. After Plaintiff moved for summary judgment, the parties filed a Joint Motion for Entry of Judgment under

---

[1] Plaintiff filed her original Petition for Approval of 406(b) Attorney Fees on March 20, 2018, along with accompanied exhibits as a single document on CM/EFC. [Doc. 20]. After receiving notice from the Clerk's office that exhibits must be filed as separate attachments to the main document [Doc. 21], Plaintiff filed her amended petition [Doc. 22] in correct form. Therefore, the Court will recommend that Plaintiff's original petition [Doc. 20] be denied as moot.

1

Sentence Four, 42 U.S.C. § 405(g) [Doc. 15] on August 30, 2016. The parties agreed that remand was necessary to allow the administration to reevaluate certain evidence and opinions regarding Plaintiff's treatment for psychosis and paranoia. [*Id.* at 1-2]. On September 7, 2016, the District Court granted the parties' joint motion and remanded the case to the Commissioner for further proceedings. [Docs. 16 & 17].

On October 5, 2016, the parties stipulated that Plaintiff was entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,300.00. [Doc. 18]. On October 13, 2016, the District Court ordered that Plaintiff be paid the stipulated amount. [Doc. 19]. Plaintiff's instant petition, filed on March 23, 2018, now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 22].

## II.   POSITIONS OF THE PARTIES

Plaintiff's counsel requests an award of attorney's fees pursuant to 42 U.S.C. § 406(b) based on her contingency fee agreement with Plaintiff. [Docs. 22 at 1 & 22-6]. Counsel asserts that Plaintiff was awarded $59,022.00 in past-due disability benefits [Doc. 22-5], and that Plaintiff contracted with counsel to pay 25 percent of any past-due benefits received, which equals $14,755.50. [Doc. 22 at 1]. Counsel explains that this amount has been withheld by the administration who has already paid counsel $6,000.00 for administrative services that began in 2013. [*Id.*]. Thus, counsel now seeks to recover $8,755.55, the remaining amount of the $14,755.50 withheld from Plaintiff's past-due benefits. [Doc. 22 at 1].

In support of the petition, counsel submits a itemized summary of her time performed in this case, the contingency fee agreement executed by counsel and Plaintiff, and affidavits from counsel and a partnering attorney that detail counsel's normal range of fees charged in non-contingent fee work, fees charged by other practicing attorneys in the area with similar experience

2

and specialized skills, and counsel's specialty in social security disability law. [Docs. 22-1, 22-2, 22-3, 22-4, & 22-6].

The Commissioner responds that she does not opposed the requested fee amount. [Doc. 23]. However, the Commissioner submits that because counsel has already received a fee award in the amount of $4,300.00 under EAJA, counsel must refund to Plaintiff the smaller of the EAJA and any 406(b) fee award. [*Id.* at 1-2].

## III.     ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded: (1) the Court must have rendered a judgment favorable to the plaintiff; (2) the plaintiff must have been represented by counsel; and (3) the Court must find that the fee is reasonable and not in excess of 25 percent of the total past-due benefits to which Plaintiff is entitled. *See id.* The Court will address each condition in turn.

### A.     Favorable Judgment

In this case, Plaintiff obtained a sentence four remand which, for purposes of section 406(b), may be considered a favorable judgment. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits" confers prevailing-party status). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B.     Representation by Counsel

In support of the petition for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and Plaintiff which provides for a contingent fee in the amount of 25

3

percent of any past-due benefits received by Plaintiff as payment for counsel's representation. [Doc. 22-6].  Accordingly, the Court finds that Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of 25 percent of the past-due benefits awarded to Plaintiff is reasonable because the 25 percent cap has been upheld by case law. [Doc. 22 at 2].

Even with an unopposed motion for attorney's fees under section 406(b), courts must still independently determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746).  If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel.  Moreover, the Court observes that counsel was effective in her representation of Plaintiff as she was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested

4

406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.)

In this case, Plaintiff's counsel requests a fee award in the amount of $8,755.50 – the remaining portion of the $14,755.50 withheld which represents 25 percent of $59,022.00 in past-due benefits – for 25.7 attorney hours and 1.5 paralegal hours[2] [Doc. 22-1 at 9], resulting in an effective hourly rate of $545.48. Plaintiff's petition does not specifically state or explain why the requested amount in this case is reasonable. [*See* Doc. 22 at 2]. However, the Court observes that

---

[2] The Court notes that a telephonic conference was held with the parties on April 16, 2018, to discuss the timesheets submitted by counsel. Counsel submitted a timesheet for work performed between November 1, 2013, through August 3, 2017, before the administration [Doc. 22-1] and a second timesheet, entitled "EAJA Time Summary," for work performed between December 3, 2015, and September 7, 2016, before the Court [Doc. 22-2]. Confusingly, the first timesheet also includes hours performed before the administration while the lawsuit in federal court was pending. [Doc. 22-1 at 4-5]. Because Plaintiff's petition does not clarify why two timesheets were submitted or the number hours requested for purpose of 406(b) fees, the Court inquired into the matter. Plaintiff's counsel conceded that the Court could only order a fee award for time performed before this Court and clarified that she only sought 406(b) fees based on the EAJA Time Summary. As for the hours performed before the administration while the lawsuit in federal court was pending, counsel explained that Plaintiff had another claim simultaneously pending that was separate from the claim on appeal in this case. Based on counsel's representation, the Court only considers the EAJA Time Summary for purposes of the instant petition. However, counsel is admonished for submitting time entries that are neither related to her instant fee request or to the actual claim in the case.

5

attached to the petition is an affidavit from counsel that states she typically charges $225.00 per hour in non-contingent fee work which is within the normal range of fees charged by other attorneys in the area with similar experience and specialized skills. [Doc. 22-3]. Additionally, counsel has submitted an itemized timesheet detailing the 27.2 hours spent litigating this case. [Doc. 22-2]. Finally, in an affidavit submitted by a partnering attorney, counsel's certification as a specialist in social security disability law by the National Board of Trial Advocacy is highlighted. [Doc. 22-4].

The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $8,755.50 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds the instant petition is well-taken.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186). In this case, as previously mentioned, Plaintiff has already obtained an EAJA award in the amount of $4,300.00. Therefore, the Court will recommend that counsel refund to Plaintiff the EAJA fee award.

6

## IV. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[3] that Plaintiff's Petition for Approval of 406(b) Attorney Fees [**Doc. 20**] be **DENIED AS MOOT**, Plaintiff's Amended Petition for Approval of 406(b) Attorney Fees [**Doc. 22**] be **GRANTED**, that Plaintiff be awarded **$8,755.50** in attorney's fees, and upon receipt of the fee award, counsel remit to Plaintiff the EAJA fee award.

Respectfully submitted,

_____
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).